UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON L. REID,<br><br>  Plaintiff,<br><br>  v.<br><br>JASON BARBA, et al.,<br><br>  Defendants. | Case No. 1:22-cv-00344-KES-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>Doc. 12 |

Plaintiff Carlton L. Reid is a state prisoner proceeding pro se and in forma pauperis on his first amended complaint ("FAC") filed pursuant to 42 U.S.C. § 1983. Doc. 8. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

After screening, plaintiff elected to stand on his first amended complaint subject to the assigned magistrate judge's recommendations regarding claims deemed not cognizable. *See* Docs. 9, 10. On January 23, 2024, the magistrate judge issued findings and recommendations recommending that the action proceed only on plaintiff's claim against defendant Barba for interference with his First Amendment right to access the courts in connection with his state court habeas corpus petition. Doc. 12. The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. Doc. 12 at 13. Plaintiff timely filed objections. Doc. 13.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case.  After carefully reviewing the file, including plaintiff's objections, the Court finds the findings and recommendations are supported by the record and proper analysis.

In his objections, plaintiff principally disputes the magistrate judge's finding that he failed to state a claim that defendant Barba returned discovery items to the district attorney's office in retaliation for plaintiff having previously filed grievances against Barba.  The magistrate judge correctly determined that plaintiff did not adequately allege that Barba's actions were motivated by plaintiff's protected First Amendment conduct.  Doc. 12 at 9–10.  Plaintiff must allege "either direct evidence of retaliatory motive or at least one of three types of circumstantial evidence of such motive." *Allen v. Iranon*, 283 F.3d 1070, 1077 (9th Cir. 2002).  Circumstantial evidence of retaliatory motive may be shown in one of three ways: (1) proximity in time between the protected speech and the alleged retaliation; (2) the [defendant's] expressed opposition to the speech; and (3) other evidence that the reasons proffered by the [defendant] for the adverse . . . action were false or pretextual." *Id.*

As the magistrate judge correctly determined, given the gap in time between plaintiff's filing of the grievances and the return of the discovery to the district attorney's office, and the lack of other evidence of an improper motive, plaintiff's allegations do not support an inference that Barba acted with an intent to retaliate.  "Timing may sometimes provide circumstantial evidence of retaliatory intent when adverse conduct takes place shortly after the plaintiff engages in protected conduct.  But retaliatory intent is not established simply by showing adverse activity after the occurrence of protected speech, rather the plaintiff must allege a 'nexus' between the two events." *Hill v. Rhude*, 556 F. Supp. 3d 1144, 1151–52 (D. Nev. Aug. 25, 2021); *Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (finding plaintiff failed to introduce evidence demonstrating a nexus between his statements to defendant and any adverse action he may have suffered).  Plaintiff does not allege such a nexus, nor does he allege that defendant Barba expressed any opposition to his protected conduct or establish that defendant Barba's claimed reason for returning the materials was pretextual.  Therefore, dismissal of the First Amendment retaliation claim is warranted.

Nor do plaintiff's remaining objections, which the Court has fully considered, undermine the magistrate judge's findings and recommendations.[1]

ACCORDINGLY, it is HEREBY ORDERED:

1. The findings and recommendations, filed on January 23, 2024, Doc. 12, are ADOPTED IN FULL;
2. This action proceeds only on plaintiff's claim against defendant Barba for interference with plaintiff's First Amendment right to access the courts in connection with his state court habeas corpus petition;
3. All other claims are dismissed based on plaintiff's failure to state claims upon which relief may be granted; and
4. This case is remanded to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   June 2, 2025

UNITED STATES DISTRICT JUDGE

---

[1] As to plaintiff's access to court claims regarding his federal habeas petition, a review of the docket reveals that plaintiff's federal habeas case was closed on March 11, 2025. No. 2:20-cv-01596-DJC-DMC (E.D. Cal.). The Court had earlier dismissed the federal petition on May 13, 2021, with leave to amend to assert an actual innocence claim. Doc. 30. As the magistrate judge correctly determined, there are no allegations in the complaint to support a finding that defendant Barba's return of the USB drive to the district attorney's office impacted the prosecution of plaintiff's federal habeas petition, as plaintiff had paper copies of the contents of the USB drive significantly before the dismissal of his petition. With respect to the later-returned CDs, plaintiff fails to identify how these materials would have impacted his federal petition. Dismissal of the federal access to court claim is therefore appropriate.

3